IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY OWEN STEEN,

                             **Petitioner,**

      v.                                                                          CASE NO. 25-3004-JWL

**JESSE HOWES,**

                               **Respondent.**

## MEMORANDUM AND ORDER

Petitioner and Kansas prisoner Barry Owen Steen, who is currently incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas, began this matter by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He also submitted a motion for leave to proceed in forma pauperis (Doc. 2), but he did not attach to that motion the required documentation showing the amount of money or securities on deposit in Petitioner's institutional account. Thus, on January 8, 2025, the Court issued a notice of deficiency (NOD) directing Petitioner to file the required documentation on or before February 7, 2025 "or this action may be dismissed without prejudice and without further notice." (Doc. 3, p. 1-2.)

On February 6, 2025, the Court received from Petitioner information in support of the merits of the claims made in the petition. (Doc. 4.) This communication, however, did not address the financial information Petitioner had been ordered to provide. *Id.* The February 7, 2025 deadline has now passed and the Court has received nothing further from Petitioner.

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss an action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Based on Petitioner's failure

1

to comply with the Court's NOD, the Court will dismiss this matter without prejudice under Rule 41(b). Accordingly, the pending motion to proceed in forma pauperis (Doc. 2) will be denied as moot.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** under Rule 41(b). The motion to proceed in forma pauperis (Doc. 2) is **denied as moot**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge