IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY OWEN STEEN,

                         **Petitioner,**

      v.                                                       CASE NO. 25-3004-JWL

JESSE HOWES,

                         **Respondent.**

## MEMORANDUM AND ORDER

On February 14, 2025, the Court dismissed without prejudice this 28 U.S.C. § 2254 filed by Petitioner and Kansas prisoner Barry Owen Steen because Petitioner failed to either pay the statutory filing fee or provide financial information required to support his motion for leave to proceed in forma pauperis. (Doc. 5.) It comes now before the Court on a submission from Petitioner, hereinafter referred to as the notice. (Doc. 7.) Petitioner states in the notice that he has attached the required inmate account statement and points out that it is marked by this Court as filed on January 29, 2025. *Id.* Petitioner seeks the Court's help in resolving the confusion. *Id.*

Attached to Petitioner's notice is a copy of his inmate account statement and a cover letter from Petitioner dated January 21, 2025; the cover letter is stamped "FILED" with the date of January 29, 2025. (Doc. 7-2, p. 1-2.) But the file stamp is crossed through in black marker and initialed by a member of the clerk's office staff. *Id.* at 1. Also attached to the notice is a memorandum from the clerk's office, dated January 30, 2025 and addressed to Petitioner, which states:

> The clerk's office is in receipt of your inmate account statement postmarked January 27, 2025, which is being returned to you at this time. Please be advised you are incarcerated in a facility with mandatory electronic filing and should follow instructions available at the facility for transmitting pleadings electronically to the court. Enclosed for your review and reference is a current docket sheet in the above-referenced matter.

(Doc. 7-1.)

It appears that when the inmate account statement was returned to Petitioner by the clerk's office, it had not been filed and was perhaps file-stamped in error. The Court understands Petitioner's confusion, however, and will direct the clerk to vacate the memorandum and order (Doc. 5) that dismissed this case, vacate the judgment (Doc. 6), and reopen this matter. Moreover, now that the Court has received Petitioner's financial information, it will rule on the motion for leave to proceed in forma pauperis (Doc. 2).

The motion will be denied. As of January 25, 2025, Petitioner had more than $175.00 available in his cash account and more than $125.00 available in his forced savings account. (Doc. 7-2, p. 2.) Thus, Petitioner does not appear financially unable to pay the statutory filing fee of $5.00. The Court will grant Petitioner to and including March 28, 2025 in which to submit the fee. If Petitioner fails to do so, this matter will be dismissed without prejudice for failure to comply with a court order.

The Court has also screened the petition in this matter, however, and concludes that it is subject to dismissal without prejudice for failure to exhaust available state-court remedies, as explained below. If Petitioner chooses to voluntarily dismiss this matter without prejudice[1] so that

---

[1] A dismissal "without prejudice" is "dismissal without barring the [petitioner] from returning later, to the same court, with the same underlying claim." *See Styskal v. Weld County Bd. of County Com'rs*, 365 F.3d 855, 858 (10th Cir. 2004) (internal quotation marks omitted) (quoting *Semtek Intl. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). Thus, a dismissal of this matter without prejudice would not, by itself, preclude Petitioner from refiling a § 2254 petition in this Court after he exhausts state-court remedies. Petitioner should, however, remain aware of other procedural bars to refiling, such as the applicable statute of limitations for petitions brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

he may exhaust state-court remedies, he may submit to the Court a written notice of voluntary dismissal, in which case he need not pay the filing fee.

## Initial Review Standards

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## The Petition (Doc. 1)

In August 2024, Petitioner pled no contest in the District Court of Kearny County, Kansas and was found guilty of multiple crimes. (Doc. 1, p. 1.) He was sentenced to a total of 60 months in prison. *Id.* Petitioner did not pursue a direct appeal. *Id.* at 2. He did, however, send letters to the Kansas appellate courts requesting help, but he was informed that there was no appeal pending. *Id.* at 3-4, 9-10.

On January 8, 2025, Petitioner filed in this Court the petition for writ of habeas corpus under 28 U.S.C. § 2254 that began this case. (Doc. 1.) Liberally construed, the petition asserts three bases for relief: (1) ineffective assistance of counsel by attorney Steve Cott, in violation of the Sixth and Fourteenth Amendments to the United States Constitution (Grounds One and Three); (2) ineffective assistance of counsel by attorney Heidi N. Farnsworth (Grounds Two and Three);

and (3) excessive force by the Kearny County Sheriff's Department (Ground Four), based on events during a vehicle pursuit. *Id.* at 5-9, 15-20. In the attachments to the petition, Petitioner also briefly argues that he was held under excessive bail without due process of law and he "had no compulsory process to obtain witnesses for [his] favor." *Id.* at 19-20. As relief, Petitioner seeks his release, the vacation of his convictions and sentence, "vehicle damages, personal effects, tools, etc." *Id.* at 14.

## Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The exhaustion requirement requires that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Kansas, exhaustion does not require appealing a Kansas Court of Appeals decision to the Kansas Supreme Court. *See* Kansas Supreme Court Rule 8.03B(a) ("In all appeals from criminal convictions or post-conviction relief on or after July 1, 2018, . . . when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies.").

Petitioner states in the petition that he has not appealed his convictions and the only way

in which he has thus far sought relief from the state appellate courts is by way of letters sent to those courts. (Doc. 1.) This is insufficient to exhaust claims as required before raising them in a federal habeas matter because Petitioner has not given the Kansas Court of Appeals a "full opportunity to resolve any constitutional issues." *See O'Sullivan*, 526 U.S. at 845. In other words, Petitioner must raise his constitutional issues to the Kansas Court of Appeals in a procedurally appropriate manner before raising them to this Court in a federal habeas petition under 28 U.S.C. § 2254. Because he has not done so, the claims in this federal habeas matter are unexhausted.

A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

The information currently before this Court does not demonstrate that Petitioner lacks the opportunity to seek relief in the state court, that the state corrective process is so clearly deficient that such efforts would be futile, or that the Kansas Supreme Court has recently decided the precise legal issue raised in the current federal habeas petition. Moreover, this Court has reviewed the publicly available records of the Kearny County District Court for case number KE-2023-CR-300010 and those records reflect that earlier this month, counsel was appointed for Petitioner to assist with post-sentencing motions. This Court cannot give Petitioner legal advice on avenues by

which he may seek relief in state court from his convictions and sentence, but this Court is unconvinced that no such avenues remain. *See* K.S.A. 22-3210(d)(2) (setting standards under which a state district court "may set aside the judgment of conviction and permit the defendant to withdraw the plea"). Petitioner's appointed counsel may be able to advise Petitioner which avenues for relief in the state courts remain available to him.

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). Accordingly, the Court will direct Petitioner to show good cause in writing why this matter should not be dismissed without prejudice so that he may exhaust his claims in state court before seeking federal habeas relief. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice and without further prior notice to Petitioner for failure to exhaust.

## Relief Sought

As a final matter, to the extent that Petitioner seeks money damages or the replacement of property through this case, such relief is unavailable. A petition for writ of habeas corpus is the avenue by which a state prisoner may challenge in federal court the fact or duration of present physical confinement and may seek immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); See 28 U.S.C. § 2254(a). Money damages are not available as relief in a federal habeas corpus action. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, Petitioner's requests for

relief other than his release and the vacatur of his conviction and sentence must be dismissed.

**IT IS THEREFORE ORDERED** that the memorandum and order **(Doc. 5)** that dismissed this case and the judgment **(Doc. 6)** are vacated and the clerk shall reopen this case.

**IT IS FURTHER ORDERED** that the motion for leave to proceed in forma pauperis **(Doc. 2)** is denied. Petitioner is granted to and including **March 31, 2025** in which to submit the $5.00 filing fee. If Petitioner fails to do so, this matter will be dismissed without prejudice without further prior notice to Petitioner.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **March 31, 2025** in which to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust available state-court remedies. If Petitioner fails to do so, this matter will be dismissed without prejudice without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 27th day of February, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge