IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARRY OWEN STEEN,

        **Petitioner,**

  v.                CASE NO. 25-3004-JWL

JESSE HOWES,

        **Respondent.**

**MEMORANDUM AND ORDER**

Petitioner and state prisoner Barry Owen Steen filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. He proceeds pro se. On February 27, 2025, the Court issued a memorandum and order (M&O) granting Petitioner to and including March 31, 2025 in which to (1) pay the required $5.00 filing fee and (2) show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner can exhaust available state-court remedies. (Doc. 8.) Petitioner has now paid the filing fee and this matter comes before the Court on his timely response to the M&O. (Doc. 9.) For the reasons explained below, this matter will be dismissed without prejudice.

In August 2024, Petitioner pled no contest in the District Court of Kearny County, Kansas and was found guilty of multiple crimes. (Doc. 1, p. 1.) He was sentenced to a total of 60 months in prison. *Id.* Petitioner did not pursue a direct appeal. *Id.* at 2. On January 8, 2025, Petitioner filed in this Court the petition for writ of habeas corpus under 28 U.S.C. § 2254 that began this case. (Doc. 1.) Liberally construed, the petition asserts three bases for relief: (1) ineffective assistance of counsel by attorney Steve Cott, in violation of the Sixth and Fourteenth Amendments to the

United States Constitution (Grounds One and Three); (2) ineffective assistance of counsel by attorney Heidi N. Farnsworth (Grounds Two and Three); and (3) excessive force by the Kearny County Sheriff's Department (Ground Four), based on events during a vehicle pursuit. *Id.* at 5-9, 15-20. In the attachments to the petition, Petitioner also briefly argues that he was held under excessive bail without due process of law and he "had no compulsory process to obtain witnesses for [his] favor." *Id.* at 19-20. As relief, Petitioner seeks his release, the vacation of his convictions and sentence, "vehicle damages, personal effects, tools, etc." *Id.* at 14.

As the Court's M&O explained:

> "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The exhaustion requirement requires that a § 2254 petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). . . .
>
> . . . .
>
> A federal court can excuse a lack of exhaustion "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). In addition, the Tenth Circuit has explained that the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134 (10th Cir. 2009). The Tenth Circuit also has held that "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

(Doc. 8, p. 4-5.)

The M&O further explained that generally, federal courts "'should dismiss unexhausted

claims without prejudice so that the petitioner can pursue available state-court remedies.'" *Id.* at 6 (quoting *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir 2018) (internal citations and quotation marks omitted)). Because the information currently before this Court did not demonstrate that Petitioner has exhausted his claims as required and it did not indicate that any recognized exception to the exhaustion requirement applies, the Court concluded that this matter is subject to dismissal without prejudice. *Id.* at 5-6. The Court therefore granted Petitioner time in which to show cause why it should not dismiss this case. *Id.*

In his response, Petitioner reasserts that his constitutional and statutory rights were ignored or violated during his state criminal proceedings. (Doc. 9, p. 1-12.) He also identifies Kansas Rules of Professional Conduct (KRPC) that he believes attorneys Cott and Farnsworth violated and he argues that his claims for federal habeas relief have merit. Petitioner further asserts that video footage will show that officers committed perjury at his preliminary examination, that they used excessive force on him, and that the state district judge neglected his duties when presented with this information. Finally, Petitioner asserts that he is actually innocent of his crimes of conviction. He attaches to his response examples of his attempts to obtain help from the Kansas appellate courts in pursuing relief, as well as two signed statements in support of Petitioner's claim of innocence. *Id.*

As explained in the M&O and set forth above, state prisoners generally are required to exhaust claims in state court before a federal court may consider them. Although there are exceptions to the general exhaustion requirement, Petitioner's response, even when liberally construed, does not indicate that any of those exceptions apply. The strength of Petitioner's asserted bases for relief does not excuse the exhaustion requirement. Accordingly, this matter will be dismissed without prejudice so that Petitioner may raise the claims asserted in this federal

habeas petition to the state courts and exhaust them as required.

The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that if Petitioner exhausts his claims in state court, this dismissal will not prevent him from filing another petition for federal habeas relief under § 2254. Petitioner must, however, comply with other requirements for filing such a petition, including doing so within the applicable statute of limitations.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 2nd day of April, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge