## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**BARRY OWEN STEEN,**

**Petitioner,**

**v.**                                               **CASE NO. 25-3004-JWL**

**JESSE HOWES,**

**Respondent.**

## <u>MEMORANDUM AND ORDER</u>

This case began in January 2025 when Petitioner and state prisoner Barry Owen Steen filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Court conducted the required initial screening of the petition and, on February 27, 2025, it issued a memorandum and order ("M&O") explaining that it did not appear that Petitioner had exhausted his claims in state court, that he should be excused from the exhaustion requirement, or that no avenues for exhaustion remained. (Doc. 8, p. 4-7.) Thus, the Court directed Petitioner to show cause, in writing, why this matter should not be dismissed without prejudice so that he could return to state court to exhaust his claims. *Id.* at 6.

Petitioner timely responded to the M&O. (Doc. 9.) On April 2, 2025, the Court issued a second M&O explaining that it had carefully considered the response but ultimately maintained its prior conclusion that Petitioner's grounds for relief were not exhausted and this matter should be dismissed without prejudice. (Doc. 10, p. 3-4.) The second M&O stated:

> The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that if Petitioner exhausts his claims in state court, this dismissal will not prevent him from filing another petition for federal habeas relief under § 2254. Petitioner must, however, comply with other requirements for filing such a petition, including doing so within the applicable statute of limitations.

*Id.* at 4.

This matter comes now before the Court on Petitioner's "Motion to Reopen Case," received by the Court on November 3, 2025. (Doc. 12.) In the motion, Petitioner asserts that he has now exhausted all state-court remedies, explaining that he was appointed counsel in state court who told him he has "no state-court remedies." *Id.* Therefore, Petitioner asks this Court to reopen this case. *Id.*

This case, however, is closed. Judgment in this case was entered on April 2, 2025. (Doc. 12.) Any motion for relief from judgment filed in this matter at this point in time falls under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Nothing in the motion presently before the Court satisfies the Rule 60(b) standards for relief from a final judgment. Accordingly, the Court will deny the motion to reopen (Doc. 13).

If Petitioner wishes to seek relief under 28 U.S.C. § 2254, he must file a petition for writ of habeas corpus and begin a new federal habeas case. Under Local Rule 9.1(a), a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254 (or 28 U.S.C. § 2241) must be filed on "forms approved by the court." *See* D. Kan. Rule 9.1(a). Accordingly, the Court will direct the clerk to provide to Petitioner the required form for filing a petition for federal habeas relief under 28 U.S.C. § 2254, as well as the form Petitioner must use if he wishes to seek leave to proceed in forma pauperis in his new case. If he chooses to do so, Petitioner may then submit those forms and start a new federal habeas action in this Court. The Court will then conduct a Rule 4 review of the petition filed in the new case and will issue further orders in that case as necessary.

**IT IS THEREFORE ORDERED** that the motion to reopen (Doc. 12) is **denied**. The clerk is directed to provide to Petitioner the forms required for initiating a new federal habeas action under § 2254, including the required form for moving for leave to proceed in forma pauperis. This case shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 4th day of November, 2025, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge